# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| Amanda Babbit, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Credit Services, Inc, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 et seq. and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 et seq.

## PARTIES

1.   Plaintiff, Amanda Babbit, is a natural person who resides in Rockdale County, Georgia.

1

2.     Defendant, Credit Services, Inc, is a corporation organized under the laws of the State of Michigan. Defendant may be served with process via its registered agent, Mario A. Paoli at 304 Quincy Street, Hancock, Michigan 49930.

## JURISDICTION AND VENUE

3.     This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     This Court has personal jurisdiction over Defendant because, inter alia, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5.     Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.     Pursuant to LR 3.1B(3), venue is proper in the Atlanta Division because the conduct complained of herein occurred in Rockdale County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is a young woman with deteriorating health. She is disabled, unable to engage in competitive employment, and is in the process of obtaining disability insurance benefits through the Social Security Administration.

8. Plaintiff is allegedly obligated to pay a consumer debt arising out of medical expenses and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

9. Defendant is a collection agency specializing in the collection of consumer debt.

10. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

11. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

12. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The Plaintiff has fallen behind on a significant number of consumer debts, mostly medical expenses, over the last few years.

14. For the last several months, the Plaintiff has been receiving collection calls and letters from a number of parties, including the Defendant.

15. The Plaintiff is desirous of getting control over her debt and working out a plan to resolve what she owes to various creditors. A critical part of this is obtaining clear information regarding each account and how each is being collected so that she can prioritize payment decisions.

16. On August 11, 2020, the Plaintiff initiated a telephone call to the Defendant seeking information about the amount and the nature of the debt it had in collection.

17. After verifying the Plaintiff's identity, the Defendant advised that it was collecting $253.15 arising out of medical services provided by General Radiology Associates on July 28, 2014.

18. The Plaintiff was concerned about her ability to pay such a sum at one time. The Plaintiff asked if payments were possible to which the Defendant replied that they could be broken up into monthly installments for anywhere from two to six months.

19. The Plaintiff then asked if periodic payments would show on her credit report to which the Defendant replied that they would as the account status is reported monthly. In addition, the Defendant advised that once the account was paid in full it would obtain a full removal of the tradeline from the Plaintiff's credit report.

20. The Defendant's representations prompted the Plaintiff to scramble to raise funds to cure a non-existent blemish on her credit report. As days passed she became more and more anxious as her efforts were unsuccessful.

21. In furtherance of her efforts to obtain control over her finances and specifically, her delinquent accounts, the Plaintiff obtained copies of her credit report as published by Transunion and Experian as of August 25, 2020 and Equifax as published on September 22, 2020 .

22. In reviewing these reports with counsel the Plaintiff noted that, contrary to the Defendant's representations, it is not currently reporting the account in collections from General Radiology Associates. Its representation to the contrary was objectively false and designed to create and imperative in the Plaintiff to pay its debt quickly. Or perhaps because collection of the debt through legal process is already barred by the applicable statute of limitations.

## **INJURIES-IN-FACT**

23. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*,

654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

24. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

25. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

26. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

27. Defendants acts and omissions caused particularized harm to the Plaintiff in that the false and misleading information provided by Defendant hindered and negatively affected the Plaintiff's efforts to prioritize her debt, increased her anxiety, and caused her to waste significant amounts of her time.

28. Accordingly, through the violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

29.    As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

a.)    Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

b.)    Confusion related to the Defendant's credit reporting practice that adversely impacted the Plaintiff's ability to prioritize her debt;

c.)    Uncompensated time expended away from activities of daily living to respond to the Defendant's contrived, and false, opportunity and to confer with counsel regarding the Defendant's collection efforts;

d.)    The Plaintiff incurred attorney fees prior to the filing of this action as a result of consulting with counsel related to her credit reports and the discrepancy between the reporting therein and Defendant's representations;  and,

e.)    Anxiety and worry that was sufficient to negatively affect her demeanor, her ability to engage in daily activities, resulted in sleeplessness, and adversely affected her relationships with others.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

30.     Plaintiff incorporates by reference paragraphs 1 through 29 as though fully stated herein.

***Violations of 15 U.SC. § 1692e and its subparts***

31.     15 U.S.C. § 1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

32.     The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

33.     The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010) (per curiam).

34.     Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993)

35. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

36. Defendant's representations to the Plaintiff that payment of an out-of-statute debt would erase a non-existent credit entry were violations of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), and 1692e(10).

*Violations of 15 U.SC. § 1692f and its subparts*

37. The conduct of the Defendant as described herein was unfair and unconscionable. It preyed upon perceived fear and lack of sophistication of the Plaintiff.

38. Defendant's conduct violated 15 U.S.C. § 1692f.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, et seq.

39. Plaintiff incorporates by reference paragraphs 1 through 29 and 30 through 38 as though fully stated herein.

40. O.C.G.A. § 10-1-390 et seq is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

41. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

42. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

43. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

44. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

45. Defendant's conduct has implications for the consuming public in general.

46. Defendant's conduct negatively impacts the consumer marketplace.

47. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

48. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

49. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

50. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

51. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## **TRIAL BY JURY**

52. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.) Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.) General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.) Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.)     Such other and further relief as may be just and proper.

Respectfully submitted this 24th day of September 2020.

**BERRY & ASSOCIATES**

*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*Plaintiff's Attorney*